NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GULSHUN I. BACCHUS,<br><br>                      Plaintiff,<br>    vs.<br><br>UNITED STATES OF AMERICA,<br><br>                      Defendant. | Civil Action No. 05-2107 (KSH)<br><br><br><br><br><br>**OPINION** |

**KATHARINE S. HAYDEN, U.S.D.J.**

**INTRODUCTION**

      Plaintiff Gulshun I. Bacchus (hereafter, "plaintiff" or "Bacchus") filed suit against the United States on April 21, 2005 for injuries she alleges she sustained in a fall on the sidewalk outside a U.S. Post Office on April 26, 2002.  Defendant moves for summary judgment on statute of limitations grounds pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680.

      In opposition to the motion, plaintiff concedes that her filing was three months late, but claims that her delay was the fault of her previous attorney who, she alleges, failed to file the complaint within the required time period.  (Opposition Letter Brief at 2.)  She asks the Court to allow her to file her claim out of time.  (Id.)

This Court has original jurisdiction over this matter pursuant to 28 USC § 1346(b)**.**

**SUMMARY JUDGMENT STANDARD**

According to Rule 56 of the Federal Rules of Civil Procedure, when considering a motion for summary judgment, "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact," the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). All facts will be viewed in the light most favorable to the non-movant, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986), and any inferences drawn from those facts will also be viewed in the light most favorable to the non-movant, Matsushita Electric Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The moving party must "demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). A material fact is a fact "that might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. at 248.

**DISCUSSION**

The Federal Tort Claims Act (hereafter, "FTCA") "was enacted in 1946 to waive the sovereign immunity of the United States for private tort actions." Pascale v. U.S., 998 F.2d 186, 189 (3d Cir. 1993). Prior to filing a tort claim against the United States pursuant to the FTCA, a claimant must exhaust his or her administrative remedies. Id. To meet this exhaustion requirement, a claimant must "present[] the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a). After exhaustion, a claim against the United States may be filed in district court. 28 USC § 1346(b). However, such a claim "shall be forever barred unless it is

presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, or notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b).

Defendant concedes that plaintiff's administrative claim was filed within two years after the accrual of the claim.  (Moving Brief at 7.)  The U.S. Postal Service denied the claim in a certified letter dated June 30, 2003[1], which was received by plaintiff's previous attorney on July 6, 2004.  The letter states, in pertinent part,

> if dissatisfied with the Postal Service's final denial of an administrative claim, a claimant may file suit in a United States District Court no later than six (6) months after the date the Postal Service *mails* the notice of that final action.  Accordingly, any suit filed in regards to this denial must be filed no later than six (6) months from the date of the mailing of this letter, which is the date shown above.

(Letter from Yolanda Ramos, Paralegal Specialist, United States Postal Service, Law Department, New York Metro Office, (June 30, 2003 [sic]) (emphasis in original) (Defendant's Exhibit A.).)   In order to comply with the FTCA, therefore, the plaintiff was required to file her claim in district court by December 30, 2004.  The plaintiff's claim was filed in this Court on April 21, 2005, almost four months past that date.

Defendant argues that the complaint is time-barred and that the Court should grant summary judgment in its favor, dismissing the claim.  (Moving Brief at 8.)  In opposition, the

---

[1] The Court presumes that the letter was incorrectly dated "June 30, 2003" as opposed to "June 30, 2004," since the return receipt indicates that the letter was delivered on July 6, 2004.  Defendant agrees that the letter was actually mailed on June 30, 2004, not June 30, 2003.  (Moving Brief at 2, n.3.)  The Court's presumption of a later date accrues to the benefit of the plaintiff under the circumstances of this claim.

plaintiff states that she was "previously represented by another attorney's office" and that the previous attorney "failed to file the required complaint within the statutorily mandated time period." (Opposition Letter Brief at 2.) Plaintiff argues that she "should not lose her day in court because of a failure by her attorney to file the claim within the proper time period." (Id.) Plaintiff claims that she "has acted to make this claim against the Post Office" and refers to two "prior unsuccessful attempts to file administrative claims." (Id.) Finally, she argues that the defendant will not be prejudiced if the claim is allowed to go forward at this time, because "the complaint was filed only three months beyond the January 6, 2005 deadline." (Id.)

In reply, defendant points out that the plaintiff gives no explanation for her failure to comply with the statute of limitations beyond "point[ing] the finger" at her previous lawyer. (Reply Brief at 1.) Defendant argues that "lack of diligence was the sole cause for non-compliance with the six-month limitations requirement" and that any error on the part of her previous attorney is attributable to her. (Id. at 6, 5.) Defendant further argues that the facts of this case do not support plaintiff's request for equitable tolling of the limitations period because she has not alleged that the defendant misled her, nor has she shown that an "extraordinary event prevented her from filing" within the limitations period, nor was the complaint "defectively pled or filed in the wrong forum." (Id. at 5.) Finally, defendant claims that they would be prejudiced by the untimely filing of this complaint because after the statute of limitations has run, the agency "may close the case and destroy its file," and need not keep the file nor the investigative reports active. (Id. at 7.) It claims that "the six month period constitutes a very important limitation to federal agencies, and the defendant is prejudiced each and every time the period exceeds the period provided for in the statute." (Id. at 7-8.)

Since the FTCA represents a waiver of the sovereign immunity of the United States, "its provisions should be strictly construed." Pascale v. U.S., 998 F.2d at 193. Nonetheless, the U.S. Supreme Court has stated that equitable tolling is applicable to suits against the United States "in the same way that it is applicable to private suits." Irwin v. Dept. of Veterans Affairs, 498 U.S. 89, 95 (1990). However, in practice, the courts only sparingly allow equitable tolling of the statute of limitations. Id. at 96. "Absent a showing of intentional inducement or trickery by the defendant, a statute of limitations should be tolled only in the rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice." U.S. v. Midgley, 142 F.3d 174, 179 (3d Cir. 1998) (internal quotations and citation omitted).

In Miller v. New Jersey State Department of Corrections, 145 F.3d 616 (3d Cir. 1998), the Third Circuit stated that such "equitable tolling is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.'" Id. at 618, quoting Shendock v. Director, Office of Workers' Compensation Programs, 893 F.2d 1458, 1462-64 (3d. Cir. 1990). Such unfairness involves a showing by the claimant that he or she has "been prevented from asserting his or her rights" in an "extraordinary way." Miller v. New Jersey State Department of Corrections, 145 F.3d at 618, quoting Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1387 (3d Cir. 1994.) In addition, the claimant "must show that he or she 'exercised reasonable diligence in investigating and bringing [the] claims.'" Id. at 618-619, quoting New Castle County v. Halliburton NUS Corp., 111 F.3d 1116, 1125 (3d Cir. 1997).

The Third Circuit has stated that "the principal situations where tolling is appropriate" are those in which: (1) "the defendant has actively misled the plaintiff respecting the cause of action," (2) "the plaintiff has in some extraordinary way been prevented from asserting his rights,

5

or" (3) "the plaintiff has raised the precise statutory claim in issue but has mistakenly done so in the wrong forum." School Dist. of City of Allentown v. Marshall, 657 F.2d 16, 20 (3d Cir. 1981) (internal quotations omitted).

For example, in Seitzinger v. Reading Hospital and Medical Center, 165 F.3d 236 (3d Cir. 1997), the court equitably tolled the statute of limitations where the plaintiff was "extremely diligent in pursuing her claim," but missed the deadline because her attorney lied and erroneously told her that he had filed the necessary complaint in a timely fashion. Id. at 241. As another example, the court equitably tolled the statute of limitations in Doherty v. Teamsters Pension trust Fund of Philadelphia & Vicinity, 16 F.3d 1386 (3d Cir. 1994), where the serious illness and death of the plaintiff's attorney prevented the plaintiff from timely and properly filing her claim.

In the case at bar, the plaintiff has not presented a situation that meets the criteria for equitable tolling. She has not set forth any extraordinary circumstances that have prevented her from asserting her rights. She merely stated that "another attorney's office . . . failed to file the required complaint within the statutorily mandated time period." (Opposition Letter Brief at 2.) She has not alleged that her former attorney lied to her, nor has she alleged that an illness or death prevented her former attorney from proceeding with her claim. She has not alleged that the defendant prevented her from timely filing the claim, or misled her in a fashion that caused her to fail to file her claim. She has not alleged that the claim was filed timely but in the wrong forum. Finally, she has not shown that she diligently pursued her claim once she received the denial from the U.S. Postal Service. Once the claim was filed, it was nearly four months late, and nearly 10 months after she received the denial letter.

In Irwin v. Dept. of Veterans Affairs, the Court noted that the statute of limitations should

not be equitably tolled for "a garden variety claim of excusable neglect." Irwin, 498 U.S. at 96. The plaintiff has not alleged anything more than neglect on the part of her former attorney. "In non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001). The Court does not find that plaintiff has supplied sufficient justification to equitably toll the statute of limitations in this case.

The plaintiff also argues that the Court should equitably toll the statute of limitations because the defendant will not be prejudiced due to the fact that "the complaint was filed only three months beyond the January 6, 2005 deadline." (Opposition Letter Brief at 2.) Defendant disagrees, claiming that it will, in fact, be prejudiced by the late filing because it can close its files and deactivate them after the six-month period runs. (Reply Brief at 7-8.) Even if the defendant has not made a showing of actual prejudice, lack of prejudice is an insufficient reason to equitably toll the statute. "Although absence of prejudice is a factor to be considered in determining whether the doctrine of equitable tolling should apply once a factor that might justify such tolling is identified, it is not an independent basis for invoking the doctrine and sanctioning deviations from established procedures." Baldwin County Welcome Center v. Brown, 466 U.S. 147, 152 (1984).

**CONCLUSION**

Based on the foregoing, the Court finds that the plaintiff failed to provide the Court with an adequate basis for applying the principal of equitable tolling in this case. Therefore, the summary judgment motion by defendant United States of America (document #4) is **granted** and the case is hereby **dismissed**.

**Dated:**   May 23, 2006

                                            /s/ Katharine S. Hayden
                                            **Katharine S. Hayden**
                                            **United States District Judge**